**FILED**
**SEPTEMBER 21, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37880-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRIAN W. FRAWLEY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Brian Frawley appeals a superior court order modifying his legal financial obligations (LFOs). We affirm.

FACTS

Mr. Frawley pleaded guilty to first degree murder in 2016. Following his plea, the sentencing court imposed several LFOs, including restitution. The court also imposed interest on all LFOs to accrue "until payment in full." Clerk's Papers at 25. Mr. Frawley did not appeal his judgment or sentence. In 2020, Mr. Frawley moved in the superior court to modify his LFOs. Mr. Frawley was incarcerated when he moved for relief.

The superior court responded with an order waiving nonrestitution interest and waiving the criminal filing fee. In a letter to Mr. Frawley that accompanied its decision, the court explained it waived "the non-restitution interest that has accrued" though Mr.

Frawley still had "restitution and restitution interest owing . . . as well as the mandatory crime victims fee." *Id*. at 41.

Mr. Frawley appeals.

ANALYSIS

Mr. Frawley requests remand, arguing the superior court inadvertently amended his LFOs in a manner that allowed nonrestitution LFOs to continue accruing interest. The State responds that remand is unnecessary because RCW 10.82.090 prevents nonrestitution LFOs from continuing to accrue interest. We agree with the State.

RCW 10.82.090(1) specifies that no interest shall accrue on nonrestitution LFOs as of June 7, 2018. When Mr. Frawley filed his motion for LFO relief in 2020, he should have already been free from ongoing imposition of interest on nonrestitution LFOs. The trial court was generous in cancelling previously imposed interest, as Mr. Frawley was not yet released from total confinement. *See* RCW 10.82.090(2) ("The court may, on motion by the offender, *following the offender's release from total confinement*, reduce or waive the interest on [LFOs] . . . .") (emphasis added). The court was certainly not required to take further action.

No. 37880-2-III
*State v. Frawley*


If Mr. Frawley believes the State has illegally collected interest on nonrestitution

LFOs post-2018 in violation of RCW 10.82.090, he should seek affirmative relief.

Amendment of the judgment and sentence is not the appropriate recourse.

CONCLUSION

The order on appeal is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

3